**G. C. MARTIN, Plaintiff,**

v.

**The GREYHOUND CORPORATION, Defendant.**

**Civ. A. No. 1728.**

United States District Court
M. D. Tennessee, Nashville Division.

Oct. 25, 1954.

K. Harlan Dodson, Jr., of Walker, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., for plaintiff.

Kenneth Harwell, of Williams, Harwell, Howser & Thomas, and Trabue & Sturdivant, Nashville, Tenn., for defendant.

DAVIES, District Judge.

This is an action for damages filed by plaintiff G. C. Martin, whose wife was injured while riding on a bus belonging to the defendant Greyhound Corporation, from which injuries she subsequently died. The matter is before the Court upon a motion for summary judgment filed by said defendant.

The basis of defendant's motion is that plaintiff's wife was riding on defendant's bus pursuant to a pass issued to her which provided, in part, as follows:

"In consideration of receiving this Free Pass, each of the persons named thereon, in using same, voluntarily assumes all risks of accidents, and expressly agrees that the Company shall not be liable under any circumstances, whether of negligence of itself, its agents, or otherwise, for any injury to his or her person, or for any loss, or injury to his or her property; and that, as for him or her, in the use of this pass he or she will not consider the Company as a Common Carrier, or liable to him or her as such.

"And as a condition precedent to the issuing and use thereof, each said person represents that he or she is legally entitled to such free transportation under all laws governing the same, and agree that he or she will not use this pass in violation of any law."

Plaintiff contends that the pass was not a gratuity and that the limitation of liability is, therefore, not enforcible for the reason that said pass was specifically provided for and issued pursuant to a labor contract wherein the defendant agrees as part of its employment contract that its employees would be entitled to passes for themselves and certain members of their families, as provided for therein.

The contract between defendant and the union also contained the following

provisions relative to the issuance of passes:

"Issuance of passes provided herein shall be subject to any governmental regulations covering same. Passes shall be subject to load capacities at all times. Employees riding on passes shall not occupy seats to the exclusion of revenue passengers. Employee passes shall not be honored for commutation to and from work."

Plaintiff relies upon the case of Sassaman v. Pennsylvania R. Co., 3. Cir., 144 F.2d 950, 958, which held that a pass issued to a train dispatcher partly in lieu of additional pay that would otherwise be required to cover dispatcher's transportation cost to and from work, was not a prohibited "gratuity" within the Hepburn Act, 49 U.S.C.A. § 1(7), and hence dispatcher occupied the status of a "passenger for hire" and a release of employer's common law liability for negligence printed on the pass, similar to the one in the present case, was void, notwithstanding the dispatcher could have used the pass for riding for pleasure.

In the instant case, plaintiff's wife was making a pleasure trip from Nashville, Tennessee, to Jacksonville, Florida. She was not employed in any way by the defendant company and was not on any business of the company. While it is true that the pass was issued pursuant to the labor contract, yet it was issued subject to any governmental regulations covering same, and the pass itself provided that it was not to be used to the exclusion of revenue passengers but would only be honored between such points as available space would permit. Plaintiff's wife clearly could not be said to have occupied the status of a "passenger for hire" while using said pass under said circumstances, and the court is of the opinion that, even though issued pursuant to a labor contract, the pass was still a gratuity, and plaintiff was bound by the stipulation limiting liability of the carrier.

The Court is, therefore, of the opinion that the motion filed by defendant for a summary judgment should be granted.

Judgment will be entered accordingly.